UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
OTTO REYES,                                              Civil Action No.:

            Plaintiff,                                   COMPLAINT

   - against –

ART TEK DESIGN, LTD. and ALAIN
LEON ARTINIAN,

            Defendants.
-----------------------------------------------------------X

## INTRODUCTION

1. Plaintiff alleges that Defendants violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to pay him minimum wages and overtime premium pay for all hours worked in excess of forty per week, and that Defendants acted in a manner that was willful and without good faith.

2. Plaintiff further alleges that Defendants' failure to pay compensation for all hours worked was made with a reckless disregard for Plaintiff's rights and in violation of the New York Labor Law ("NYLL") sections 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those derive from a common nucleus of operative

facts.  In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is appropriate under 28 U.S.C. § 1391(b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district.  In addition, Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff, Otto Reyes (hereinafter "Plaintiff"), is a resident of Roosevelt, New York.  He was employed as a wood worker for the Defendants from on or about October 28, 2013 until on or about April 14, 2014 and then from on or about October 7, 2014 until on or about August 12, 2016.

6. The Defendant, Art Tek Design, Ltd. (hereinafter "ATD"), is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. The Defendant, Alain Leon Artinian (hereinafter "Artinian"), is an individual residing in the State of New York.

8. At all relevant times, Artinian was a corporate officer of ATD.  Upon information and belief, at all times relevant, Artinian exercised operational control over ATD, controlled significant business functions of ATD, determined employee salaries, made hiring decisions, and acted on behalf of and in the interests of ATD in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees.  As such, at all

relevant times, Artinian has been an employer under the FLSA and New York Wage and Hour Law.

## FACTS

9. Defendants own and operate a custom wood working design shop located at 95 Sewell Street, Hempstead, New York 11550.

10. Plaintiff was employed by Defendants as a wood worker.

11. Plaintiff's primary job duties were to prepare and sand wood, build furniture, clean the wood shop, and clean the bathrooms.

12. Artinian participated in the decision to hire Plaintiff.

13. Artinian participated in the decision to fire Plaintiff.

14. Artinian participated in the daily supervision of Plaintiff's duties.

15. Artinian participated in setting the Plaintiff's work schedule.

16. Artinian participated in deciding the manner in which Plaintiff was paid during his employment.

17. Artinian participated in the decision to pay Plaintiff in cash during his employment.

18. Artinian participated in running the day to day operations of ATD during Plaintiff's employment.

19. Artinian participated in deciding the hours that Plaintiff would work each week.

20. Artinian participated in deciding the job duties that Plaintiff would perform on a daily basis.

21. During his employment, plaintiff was paid by the day.

22. During his employment, plaintiff was first paid $50.00 a day and thereafter $55.00 a day.

23. During his employment, Plaintiff worked Monday through Friday and 2 Saturdays a month.

24. During his employment, Plaintiff's shift began at 8:00 a.m. and ended at 5:00 p.m. on Monday through Friday.

25. During his employment, when plaintiff worked 2 Saturdays each month, his shift began at 8:00 a.m. and ended at 4:00 p.m.

26. During his employment, Plaintiff was given and took two (2) thirty (30) minute breaks per day on Monday through Friday.

27. During his employment, when plaintiff worked on Saturdays twice a month, he was not provided with any uninterrupted meal breaks.

28. During his employment, Plaintiff worked an additional two (2) hours per shift, twice per week during two (2) weeks each month.

29. During his employment, Defendants did not record the hours that Plaintiff worked each day of each week.

30. During the two weeks each month when plaintiff did not work Saturdays, he worked 40 hours a week.

31. During these weeks each month, plaintiff did not work overtime.

32. During the two weeks each month that plaintiff did work Saturdays, he worked 52 hours a week which included Saturday's shift and two (2) additional hours per shift twice a week on Monday through Friday.

33. When plaintiff worked overtime two (2) weeks each month, Defendants did not pay him one and a half times the minimum wage rate.

34. During his employment, Defendants paid plaintiff less than the statutory minimum wage for each week that plaintiff worked.

35. During his employment, Defendants paid plaintiff in cash each week.

36. During his employment, Plaintiff was not exempt from the overtime provisions of the FLSA or any applicable state laws.

37. Throughout the duration of his employment, Defendants did not provide Plaintiff with wage notices.

38. Throughout the duration of his employment, Defendants did not provide Plaintiff with wage statements.

39. Throughout the duration of his employment, Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

40. Defendants' failures to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
### FLSA Overtime Claim

41. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

42. At all times relevant to this Complaint, Defendants have been and continue to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

43. At all times relevant to this Complaint, Defendants have "employed" Plaintiff by suffering or permitting him to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

44. At all times relevant to this Complaint, the corporate Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

45. At all times relevant to this Complaint, the gross annual volume of sales made or business done by the corporate Defendant during the years 2015, 2014, and 2013 was not less than $500,000.00 each year.

46. Defendants' failures to pay overtime wages to Plaintiff for such work violates the FLSA (29 U.S.C. § 207).

47. Defendants' failures to provide required compensation for all hours worked by Plaintiff are willful violations within the meaning of FLSA (29 U.S.C. § 255(a)).

48. Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiff were not made in good faith within the meaning of the FLSA (29 U.S.C. § 260).

49. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### FLSA Minimum Wage Claim

50. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

51. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in

an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a).

52. Defendants routinely and regularly failed to pay Plaintiff the applicable minimum wage, in violation of 29 U.S.C. §206(a).

53. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

54. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT III
## NYLL Overtime Claim

55. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

56. At all times relevant to this Complaint, Defendants were an "employer" of Plaintiff within the meaning of the NYLL and the regulations pertaining thereto.

57. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

58. At all times relevant to this Complaint, Defendants employed Plaintiff by suffering or permitting him to work within the meaning of NYLL and the regulations pertaining thereto.

59. Defendants failed to pay overtime premiums to Plaintiff for all such work hours in excess of 40 hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

60. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

61. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT IV
## NYLL Minimum Wage Claim

62. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

63. At all times relevant to this Complaint, Defendants were an "employer" of Plaintiff within the meaning of the NYLL and the regulations pertaining thereto.

64. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

65. At all times relevant to this Complaint, Defendants employed Plaintiff, suffering or permitting him to work within the meaning of NYLL and the regulations pertaining thereto.

66. Defendants failed to pay Plaintiff the statutory minimum wage rate for all hours worked, in violation of the NYLL and the regulations pertaining thereto.

67. Such failure constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

68. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT V
### NYLL Failure to Provide Wage Notices

69. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

70. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

71. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

72. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VI
### NYLL Failure to Provide Wage Statements

73. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

74. Defendants willfully failed to provide Plaintiff written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the

9

regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

75. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

76. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court

A. Determine the damages sustained by Plaintiff as a result of Defendants' violations of 29 U.S.C. §§ 206 and 207, and award those damages against Defendants and in favor of Plaintiff, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b);

B. Determine the damages sustained by Plaintiff as a result of Defendants' violations of the NYLL and the regulations pertaining thereto, and award those damages against Defendants and in favor of Plaintiff, and liquidated damages, such pre-judgment and post-judgment interest as may be allowed by law; as well as restitution;

C. Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees; and

D. Grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated: Massapequa, New York
       September 16, 2016

 

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
Fax: 516.228.5106
nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Art-Tek Custom Design, LTD** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Art-Tek Custom Design, LTD** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

_____
Firma (Signature)

_____
Otto Reyes

_____
5 Brooks Ave

_____
Roosevelt, NY,

- 1 -