UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
OTTO REYES,

                            Plaintiff,

-against-                                  **REPORT AND RECOMMENDATION**
                                          16-CV-5168 (ADS)(AYS)

ART TEK DESIGN, LTD. and ALAIN
LEON ARTINIAN,

                            Defendants.
----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      This action was commenced by Plaintiff Otto Reyes ("Plaintiff" or "Reyes"), against his

former employer, Art Tek Design, Ltd. ("Art Tek") and the owner of Art Tek, Alain Leon

Artinian ("Artinian"), (collectively the "Defendants").  Plaintiff's complaint alleges wage

violations pursuant to the Fair Labor Standards Act ("FLSA") and the New York State Labor

Law ("NYLL").  Specifically, Plaintiff alleges (1) failure to pay overtime compensation in

violation of the FLSA and NYLL, (2) failure to pay minimum wage in violation of the FLSA and

NYLL, (3) failure to provide wage notices in violation of the NYLL, and (4) failure to provide

wage statements in violation of the NYLL. See Complaint, Docket Entry ("DE") 1.

      Presently before this Court, upon referral from the Honorable Arthur D. Spatt, is

Plaintiff's motion for entry of judgment of default. For the reasons set forth below, it is

respectfully recommended that Plaintiff's motion for default judgment be granted, that Plaintiff

be awarded a total award of $41,067.22, that Defendants be found jointly and severally liable,

that the District Court award post judgment interest to Plaintiff, and that Plaintiff be granted

leave to move for an award of attorneys' fees and costs.

BACKGROUND

I.    <u>Procedural History</u>

This case was commenced on September 16, 2016, and on September 19, 2016, the Clerk of the Court issued a summons. DE 6. On November 2, 2016, Plaintiff filed two affidavits of service, one stating that service was made on September 22, 2016 on Art Tek, DE 8, and the other stating that service was made on Alain Leon Artinian on October 4, 2016, DE 9. Plaintiff states to have properly served Art Tek by personal delivery at the office of the Secretary of State, pursuant to Section 306 of the New York State Business Corporation Law. DE 8. He states that individual Defendant Artinian was properly served by first delivering a summons and complaint to a person of suitable age at Artinian's place of work within the state of New York, and then mailing the summons, complaint, and required fee in a postpaid envelope to Alain Leon Arinian. DE 10.

On February 23, 2017, after approximately four months of inactivity, the District Court issued a notice requesting Plaintiff to inform the court within ten days why the case should not be dismissed for failure to prosecute. <u>See</u> Notice dated February 23, 2017. On March 3, 2013, Plaintiff advised the District Court that he requested a certificate of default, and that he would be moving for a default judgment. DE 13. On March 13, 2017, the Clerk of the Court noted Defendant's default. DE 14.  On March 31, 2017, Plaintiffs moved for entry of a judgment of default, seeking an award of $72,412.80, plus reasonable attorneys' fees, costs, and disbursements. Plaintiff's Proposed Judgment, DE 15, Exhibit ("Ex.") 13. By Order dated April 1, 2017, the Honorable Arthur D. Spatt referred Plaintiffs' motion for default judgment to this Court to determine whether the Plaintiffs' motion for a default judgment should be granted, and if so, (l) the relief to be granted; and (2) whether damages should be awarded, including reasonable attorney's fees and costs. DE 16.

2

II.   <u>Relevant Facts</u>

The following facts are taken from Plaintiff's Complaint ("Compl.") DE 1; the

Declaration of Otto Reyes ("Reyes Decl."), DE 15-5; and accompanying exhibits. All facts are

presumed to be true.

Reyes worked for Defendants from approximately October 28, 2013 until April 14, 2014,

and again from approximately October 7, 2014 until August 12, 2016. Reyes Decl. ¶ 4, DE 15-5.

Plaintiff's duties included preparing and sanding wood, building furniture, cleaning the wood

shop, and cleaning the bathrooms. <u>Id.</u> ¶ 5.

During Reyes' employment, he worked either forty (40) hours a week or fifty-two (52)

hours a week. During his forty hour weeks, Reyes worked Monday through Friday from 8:00am

until 5:00pm. <u>Id.</u> ¶ 7. During the weeks that he worked fifty-two hours, which were two weeks

out of each month, he also worked on Saturdays from 8:00am until 4:00pm, and an additional

two hours per shift twice during the week. <u>Id.</u> ¶ 6. Each day other than Saturday, Reyes received

two thirty minute lunch breaks; on Saturdays, Reyes was not given any uninterrupted meal

breaks. <u>Id.</u> ¶ 7.

Defendants initially paid Reyes $50.00 per day, regardless of the hours worked, and at

some point increased his daily rate to $55.00, regardless of the hours worked. <u>Id.</u> ¶ 9. During

Reyes' employment he was paid in cash, was not required to punch in or out, and Defendants did

not maintain accurate records of the numbers of hours Reyes worked. <u>Id.</u> ¶ 10-12. According to

Reyes, although Defendants were aware of the number of hours he worked, Defendants failed to

pay him overtime, failed to pay him minimum wage, and never provided him with wage notices

or wage statements. <u>Id.</u> ¶ 13-16.

<u>Legal Standards</u>

3

I.      Liability

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for a

plaintiff to procure a default judgment. See J & J Sports Prods., Inc. v. El Coyote Carpau Inc.,

2014 WL 5147629, at *2 (E.D.N.Y. 2014). First, "[w]hen a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Upon the

clerk issuing a certificate of default, the moving party may then make an application for entry of

a default judgment, pursuant to Fed. R. Civ. P. 55(b). See Fed. R. Civ. P. 55(b).  "A default

constitutes an admission of all well-pleaded factual allegations in the complaint and the

allegations as they pertain to liability are deemed true." Gesualdi v. Blue Jay Estates

Development Corp., 2015 WL 1247079, at *4 (E.D.N.Y. 2015) (citing Fed. R. Civ. P.

8(b)(6))(collecting cases). "'A default judgment entered on the well-pleaded allegations in the

complaint establishes a defendant's liability.'" See Bambu Sales, Inc. v. Ozak Trading, Inc., 58

F.3d 849, 854 (2d Cir. 1995) (quoting Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69 (2d

Cir. 1971), rev'd on other grounds, 409 U.S. 363, 93 (1973)); see also United States v. Bunbury,

2015 WL 9050581, at *1 (E.D.N.Y. 2015).

Even if a plaintiff's claims are deemed admitted, a plaintiff must nonetheless demonstrate

that the allegations set forth in the complaint state valid claims. See Krevat v. Burgers to Go,

Inc., 2014 WL 4638844, at *7 (E.D.N.Y. 2014) (citation omitted). The court must "consider

whether the unchallenged facts constitute a legitimate cause of action, since a party in default

does not admit conclusions of law.'" Balady, Inc. v. Elhindi, 2014 WL 7342867, at *3 (E.D.N.Y.

2014) (quoting Labarbera v. ASTC Labs., Inc., 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010)); see

also Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's

authority, even after default, to determine whether plaintiff has stated a cause of action). The party moving for default is "entitled to all reasonable inferences from the evidence offered." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (quoting Au Bon Pain Corp., 653 F.2d at 65). "Allegations are not well pleaded if they are 'made indefinite or erroneous by other allegations in the same complaint[,] ... are contrary to facts of which the court will take judicial notice, ... are not susceptible of proof by legitimate evidence, or ... are contrary to uncontroverted material in the file of the case.'" AW Indus., Inc. v. Sleepingwell Mattress Inc., 2011 WL 4404029, at *4 (E.D.N.Y. 2011) adopted by, 2011 WL 4406329 (E.D.N.Y. 2011) (quoting Trans World, 449 F.2d at 63). Likewise, "conclusory allegations based on information and belief" will not suffice to support a finding of default-based liability. J & J Sports Prods., Inc. v. Daley, 2007 WL 7135707, at *3–4 (E.D.N.Y. 2007).  "However, allegations on information and belief may be sufficient to hold defendant individually liable on default judgment where they state facts primarily within the defendant's knowledge." Sciascia v. Prime Protective Servs., Inc., 2014 WL 940721, at *5 (E.D.N.Y. 2014) (collecting cases).

II.   Damages

    A.   Standards Applicable to Damages Award Following Default Judgment

    Unlike allegations pertaining to liability and proximate cause, allegations set forth in connection with damages are not deemed admitted on account of a defendant's default. Greyhound Exhibitgroup, Inc v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Olvera v. Los Taquitos Del Tio Inc., 2015 WL 3650238, at *1 (E.D.N.Y. 2015); Guaman v. Krill Contracting, Inc., 2015 WL 3620364, at *2 (E.D.N.Y. 2015).  Instead, a plaintiff seeking damages from a defaulting defendant must prove entitlement to damages to a "reasonable certainty." United States v. Kemp, 2015 WL 6620624, at *2 (E.D.N.Y. 2015) (quoting Credit

Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)). While the party

seeking damages is entitled to all reasonable inferences from the evidence it offers, a court must

"ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the

amount demanded." Avelar v. Ed Quiros, Inc., 2015 WL 1247102, at *5 (E.D.N.Y.

2015)(internal quotation marks and citation omitted); Rodriguez v. Almighty Cleaning, Inc., 784

F. Supp. 2d 114, 125 (E.D.N.Y. 2011) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65

(2d Cir. 1981)).  Although the court determining damages has the discretion to hold an

evidentiary hearing, Fed. R. Civ. P. 55(b)(2), a hearing is not required when the documentary

evidence provides a sufficient basis for the court's decision.  Transatl. Marine Claims Agency,

Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

DISCUSSION

I.      As to Whether Defendants Were Properly Served

Plaintiff served Art Tek on September 22, 2016, by delivering two copies upon the

Secretary of State and paying a fee of $40.00 to same. On October 4, 2017, Plaintiff served

individual Defendant Artinian, by delivering a copy of the summons and complaint to a person

of suitable age at his place of business, and completed service by mailing a copy of the summons

and complaint thereto. DE 10. Plaintiff's methods of service comports with the requirements set

forth for service on a corporation under Section 306(b)(1) of the Business Corporation Law, and

upon an individual pursuant to Section 308(2) of the New York Civil Practice Law and Rules.

Accordingly, the Court holds that service was properly made. See N.Y. Bus. Corp. Law § 306;

N.Y. C.P.L.R. § 308; see also Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 30

(E.D.N.Y. 2015).

II.     As to Whether Defendants are Liable Under the FLSA

In order to prevail on claims of overtime or minimum wage under the FLSA, a plaintiff must adequately allege (1) that the defendant's business is engaged in interstate commerce, and (2) the existence of an employer-employee relationship. See Guardado v. 13 Wall St., Inc., 2016 WL 7480358, at *6 (E.D.N.Y. 2016), adopted by, 2016 WL 7480363 (E.D.N.Y. 2016); see also Fermin, 93 F. Supp. 3d at 30; 29 U.S.C. §§ 206(a), 207(a).

A.  As to Whether the Defendant is Engaged in Interstate Commerce

An employer is subject to the FLSA if it is "1) [] engaged in commerce or in the production of goods for commerce or 2) is employed by an enterprise engaged in interstate commerce or in the production of goods for interstate commerce." See Valdez v. H & S Rest. Operations, Inc., 2016 WL 3079028, at *2 (E.D.N.Y. 2016), adopted by, 2016 WL 3087053 (E.D.N.Y. 2016). "An "enterprise engaged in interstate commerce" is an entity "whose annual gross volume of sales made or business done is not less than $500,000" and has employees that engage in interstate commerce. 29 U.S.C. § 203(s)(1); Valdez, 2016 WL 3079028, at *2.

Plaintiff alleges that the gross annual volume of sales made, or business done by Art Tek during the years 2013, 2014, and 2015 was not less than $500,000.00 each year. Compl. ¶ 45. Plaintiff additionally alleges that at all relevant times, Art Tek was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. Compl. ¶ 44. Although Plaintiff does not specifically articulate how the Defendants were involved in interstate commerce, the Court can make such inference based on the factual allegations pertaining to Plaintiff's employment. As Plaintiff prepared wood, built furniture, and cleaned the wood shop and the bathrooms, it can be reasonably inferred that at least some of the products used originated outside of New York. See Cardoza v. Mango King Farmers Mkt. Corp., 2015 WL 5561033, at *4 (E.D.N.Y. 2015), adopted by, 2015 WL 5561180 (E.D.N.Y. 2015) (inferring

interstate commerce where defendants were engaged in the food supply industry because it could
be reasonably inferred that some of their products originated and/or were sold outside of New
York); see also Locke v. St. Augustine's Episcopal Church, 690 F. Supp. 2d 77, 88 (E.D.N.Y.
2010) ("Cleaning products purchased locally have been moved in or produced for commerce,
and custodians are employees who handle these products.") (internal quotations omitted). Thus,
Plaintiff has established Art Tek is an enterprise under the FLSA.

   B.  As to Whether an Employer-Employee Relationship Exists

   Pursuant to the FLSA, an "employee" is "any individual employed by an employer." 29
U.S.C. § 203(e)(1). The FLSA defines "employer" as "any person acting directly or indirectly in
the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d).  To determine
whether an individual is an "employer" under the FLSA, the Second Circuit utilizes the
economic realities test, which focuses on "whether the alleged employer (1) had the power to
hire and fire the employee[ ], (2) supervised and controlled employee work schedules or
conditions of employment, (3) determined the rate and method of payment, and (4) maintained
employment records." Irizarry v. Catsimatidis, 722 F.3d 99, 104-105 (2d Cir. 2013) (citation
omitted); see also Euceda v. Preesha Operating Corp., 2016 WL 8711446, at *3 (E.D.N.Y.
2016), adopted by, 2016 WL 8711193 (E.D.N.Y. 2016). Such analysis depends on whether the
defendant had "operational control" over employees. Irizarry, 722 F.3d at 110. Thus, the primary
factor in determining liability is whether the employer exercises control over and makes
decisions that "directly affect the nature or conditions of the employees' employment." Id.

   An individual corporate officer or owner may be deemed an employer under the FLSA
"in situations where the individual has overall operational control of the corporation, possesses
an ownership interest in it, controls significant functions of the business, or determines the

employee' salaries and makes hiring decisions." Lopez v. Silverman, 14 F. Supp. 2d 405, 412 (S.D.N.Y. 1998); see also Moon v. Kwon, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.")(citation omitted).

Plaintiff has alleged employment by Artek, and that Artinian participated in decisions and work assignments regarding Plaintiff's employment. Compl. ¶¶ 12-20. Plaintiff additionally alleges, based upon information and belief, that Artinian exercised operational control over Art Tek, controlled significant business functions of Art Tek, determined employee salaries, made hiring decisions, and acted on behalf of and in the interests of Art Tek in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. Compl. ¶ 8. Although such allegations are based upon information and belief, the information alleged is primarily within the Defendants' knowledge; thus, they will be deemed admitted. See Sexy Hair Concepts, LLC v. Sexy Hair Inc., 2013 WL 5460629, at *4 (E.D.N.Y. 2013) (deeming admitted allegation on information and belief that defendant owned corporate entity and directed and controlled the activity of the business in default judgment context).

Based upon the foregoing, this Court finds Plaintiff has adequately pled that both Defendants are employers under the FLSA. See Sciascia v. Prime Protective Servs., Inc., 2014 WL 940721, at *5 (E.D.N.Y. 2014). Therefore, this Court recommends that both Defendants be deemed employers under the FLSA, and be held jointly and severally liable for any violation of the FLSA's requirements. See Euceda v. Preesha Operating Corp., 2016 WL 8711446, at *4 (E.D.N.Y. 2016), adopted by, 2016 WL 8711193 (E.D.N.Y. 2016).

    C.      As to Whether Plaintiff is a Non-Exempt Employee

Plaintiff specifically alleges that he was not exempt from the FLSA or state laws during his employment with Defendants, Compl. ¶ 36.  The hours he worked and the duties he performed, which included preparing and sanding wood, building furniture, cleaning the wood shop, and cleaning the bathrooms, were all controlled by Defendants. Compl. ¶¶ 11-20; Reyes Decl. ¶ 5. It, therefore, follows "that for purposes of this default, he qualifies as an 'employee' under the FLSA." Garcia v. Badyna, 2014 WL 4728287, at *5 (E.D.N.Y. 2014). Moreover, "the burden of demonstrating that an employee falls within [an] exempted categor[y] rests squarely with the employer." Saucedo v. On the Spot Audio Corp., 2016 WL 8376837, at *5 n.6 (E.D.N.Y. 2016), adopted by, 2017 WL 780799 (E.D.N.Y. 2017) (citing Chen v. Major League Baseball, 6 F. Supp. 3d 449, 454 (S.D.N.Y. 2014) (noting that the exemptions are affirmative defenses which an employer must prove)); see also Harper v. Gov't Employees Ins. Co., 754 F. Supp. 2d 461, 463 (E.D.N.Y. 2010). As Defendants have failed to appear in this action, the affirmative defense of exemption has not been raised. See 29 U.S.C. § 213(a) (setting forth the exemptions). Accordingly, the Court finds no basis for finding Plaintiff's employment with Defendants to be exempt from the FLSA's provisions.

III.   As to Whether Defendants are Liable Under the NYLL

The NYLL requirements are substantially similar, but slightly broader than the requirements set forth under the FLSA. Guardado, 2016 WL 7480358, at *5 (collecting cases). Thus, in this Circuit, once liability under the FLSA has been established, a court will routinely impose liability for violations under the NYLL. Id. Accordingly, as this Court has held that Defendants are employers under the FLSA, they are also deemed employers under the NYLL.

IV.   Applicable FLSA and NYLL Statue of Limitations

In determining damages a Court must consider "the applicable limitations period under each statute." Cortes v. Warb Corp., 2016 WL 1266596, at *2 (E.D.N.Y. 2016), adopted by, 2016 WL 1258484 (E.D.N.Y. 2016). ). A claim under the FLSA accrues on the "regular payday immediately following the work period for which services were rendered and not properly compensated." Francois v. Mazer, 2012 WL 653886, at *4 (S.D.N.Y. 2012). The statute of limitations under the FLSA is two years, but extends to three years for willful violations. 29 U.S.C. § 255(a). To establish that a violation is willful, a plaintiff must show "that the employer either knowingly violated its obligations under the FLSA or showed reckless disregard for whether its conduct was prohibited by that statute." Chen v. JP Standard Constr. Corp., 2016 WL 2909966, at *5 (E.D.N.Y. 2016), adopted by, 2016 WL 2758272 (E.D.N.Y. 2016.) The limitations period under the NYLL is six years. See N.Y. Lab. Law § 198(3).

In the instant case, Plaintiff alleges that "Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled." Compl. ¶ 39. Plaintiff further alleges that "Defendants' failures to pay proper wages . . . were made without good faith, willfully, and with a reckless disregard for Plaintiff's rights." Compl. ¶ 40. The allegation that Defendants willfully and knowingly failed to pay Plaintiff the proper wages is sufficient to apply the three-year limitations period. See Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 38 (E.D.N.Y. 2015); see also Easterly v. Tri–Star Transport Corp., 2015 WL 337565, at *6 (S.D.N.Y. 2015) ("[A]s [the p]laintiff alleges that [the defendant in default] committed FLSA violations willfully, ... the three-year federal period applies.")(collecting cases). Defendants' willfulness is further demonstrated by the way in which Plaintiff was paid, which consisted of cash payments and a failure to provide Plaintiff with any written wage statements. See D'Arpa v. Runway Towing Corp., 2013 WL 3010810, at *4 (E.D.N.Y. 2013).

Additionally telling, is the fact that Defendants paid Plaintiff daily, regardless of how many hours he worked. Such conduct demonstrates an apparent disregard to compensate Plaintiff for his hours worked, let alone to compensate Plaintiff for the overtime hours that he worked. Thus, Plaintiff's uncontested allegations "supports the inference that Defendants were either aware that they were not paying the proper wages under the FLSA, or acted in reckless disregard as to whether their conduct was subject to the Act." D'Arpa, 2013 WL 3010810, at *5. Accordingly, this Court finds that Defendants' conduct was willful, and recommends the District Court apply the FLSA's three-year statute of limitations. Guardado., 2016 WL 7480358, at *6.

Applying the three-year statute of limitations, Plaintiff's claims, which were commenced by service of a complaint filed on September 16, 2016, will be considered timely under the FLSA if they fall between September 16, 2013 until September 16, 2016. Under the NYLL six-year statute of limitations, NYLL claims will be timely if they fall between September 16, 2010 until September 16, 2016. As Plaintiff's claims span from October 28, 2013 through August 12, 2016, all of his claims are within the FLSA and NYLL statutory periods.

V.      Plaintiff's Claims

In FLSA cases, "in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct." Ting Yao Lin v. Hayashi Ya II, Inc., 2009 WL 289653, at *3 (S.D.N.Y. 2009), adopted by, 2009 WL 513371 (S.D.N.Y. 2009). Therefore, this Court calculates the damages owed based upon the representations in Plaintiff's affidavit, and the supporting documentation attached to the declaration.

A.      As to the State and Federal Minimum Wage Claims

Since July 24, 2009, the FLSA has mandated that employers pay their employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1)(c). The New York hourly minimum wage was $7.15

between January 1, 2007 and December 30, 2013; $8.00 from December 31, 2013 to December 30, 2014; $8.75 from December 31, 2014 to December 30, 2015; and $9.00 from December 31, 2015 until December 31, 2016. N.Y. Lab. Law § 652.

Plaintiff's Complaint alleges that Defendants willfully violated the minimum wage provisions of the FLSA and NYLL provisions, or that such conduct was made with reckless disregard to Plaintiff's rights. Compl. ¶¶ 53, 67.  Plaintiff's Complaint further alleges that he was compensated at a flat daily rate of $50.00 or $55.00. Compl. ¶ 22. Each day of Plaintiff's tenure with the Defendants, he worked no less than eight (8) hours a day, and at times he worked ten (10) hours a day. Compl. ¶¶ 24, 26, 28, 32. Compl. ¶¶ 24, 26, 28, 32. Therefore, Plaintiff received at most $6.88 per hour.  As Plaintiff has alleged that Defendants willfully paid him less than what was required under both the FLSA and NYLL during Plaintiff's tenure with Defendants, this Court finds that Plaintiff has adequately shown that Defendants violated the minimum wage requirements under both the FLSA and the NYLL.

B.  As to the State and Federal Overtime Claims

The FLSA and the NYLL require employers to provide employees with overtime compensation for all hours worked in excess of forty (40) hours per week. 29 U.S.C. § 207; N.Y.L.L. §§ 650 et seq.;12 N.Y.C.R.R. §142-2.2. Specifically, where an employee's workweek exceeds forty hours, an employer is required to pay the employee one and one-half times his regular rate pay for all hours worked in excess of forty hours. See 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778;12 N.Y.C.R.R. §142-2.2. Plaintiff alleges that he worked fifty-two (52) hours a week for two weeks out of each month during his tenure with Defendants. Compl. ¶ 32. Plaintiff further alleges that (1) he was not exempt from the FLSA or state laws, id. ¶ 36, and that (2)

Defendants failed to pay him one and a half times the minimum wage rate for the hours he worked in excess of 40 hours per week. Compl. ¶ 33.

Based upon the allegations in the Complaint, this Court recommends that Defendants be found liable for failure to pay overtime in violation of the FLSA and NYLL for each week Plaintiff worked, as alleged, 52 hours, which would be 12 hours of overtime work.

C. As to the Claim of Wage Notice Violations under NYLL Sections 195(1)(a)

The Wage Theft Prevention Act ("WPTA") went into effect on April 9, 2011. The Act was passed by the legislature in an effort to provide employees with more rights and remedies against employers who violate the NYLL. See Copper v. Cavalry Staffing, LLC, 132 F. Supp. 3d 460, 466 (E.D.N.Y. 2015) (citations omitted). Section 195 of the NYLL, as amended by the act, requires that "every employer shall provide their employees, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer a notice containing information about rates of pay." Guaman v. Krill Contracting, Inc., 2015 WL 3620364, at *4 (E.D.N.Y. 2015) (quoting N.Y. Lab. Law § 195(1)(a)). On December 29, 2014, the statute changed to only require the employer to furnish such notice at the time of hire. Guaman, 2015 WL 3620364, at *4 n.5.

Here, Plaintiff states that he never received any wage notices from Defendants. Compl. ¶ 37. As such, this Court recommends the Defendants be found liable for failure to provide wage notices pursuant to the NYLL.

D. As to the Claim of Wage Statement Violations under NYLL Section 195(3)

The WPTA similarly expanded the protection given to employees under Section 195(3) of the NYLL. See Copper, 132 F. Supp. 3d at 466. That section, as amended by the WPTA, requires that all employers must "furnish each employee with a statement with every payment of

wages ..." N.Y. Lab. Law § 195(3). "For all employees who are not exempt from overtime compensation ... the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." Id.; see also Guaman, 2015 WL 3620364, at *5. As Plaintiffs have alleged that Defendants failed to provide wage statements to the Plaintiff, Compl. ¶ 38, Plaintiff has sufficiently alleged that Defendants violated section 195(3) of the NYLL.

As Plaintiff has established that Defendants are liable for the alleged FLSA and NYLL violations, this Court now turns to Plaintiff's claim for damages.

VI.    Damages

Upon a finding that Defendants' liability has been established, "[t]he court must also determine the amount of damages, actual or statutory, that may be assessed." Lyons P'ship, L.P. v. D & L Amusement & Entmt, Inc., 702 F. Supp. 2d 104, 111 (E.D.N.Y. 2010). Here, Plaintiff seeks compensatory damages, liquidated damages, prejudgment interest, post judgment interest, and an opportunity to move for reasonable attorneys' fees and costs. See Compl., DE 1; Pl. Mot., DE 15-1 at 17. "In an FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct." Guardado, 2016 WL 7480358, at *6 (collecting cases).

Therefore, this Court calculates the damages owed based upon the representations in Plaintiff's affidavit, and the supporting documentation attached to that declaration.

A.    Compensatory Damages

A Plaintiff may not recover an award of compensatory damages under both the FLSA and NYLL for overlapping time periods. See Jin M. Cao v. Wi Liang Lexington Rest., Inc., 2010 WL 4159391, at *3 (S.D.N.Y. 2010) ("Although plaintiffs are entitled to recover unpaid minimum

wages and overtime pay under both the FLSA and the Labor Law, they may not recover twice.");

Fermin, 93 F. Supp. 3d at 49 n.15 (E.D.N.Y. 2015) ("Plaintiffs may not recover for unpaid wages

under both statutes....").

1. As to Minimum Wage Compensation Award Under NYLL and FLSA

Unpaid minimum wages due are calculated by subtracting the hourly rate paid to Plaintiff

each week from New York's minimum wage rate. The difference is then multiplied by the

number of hours worked each week by Plaintiff. The total for each week are then added together

to yield the total unpaid minimum wages due. Based upon the supporting documents and

affidavits, this Court recommends that Plaintiff be awarded $10,154.80 for unpaid minimum

wages. The numbers used to calculate the damages are set forth in the chart below.

| Time Period | Number of Weeks | Minimum Number of Hours/Week | NY Min. Wage | Hourly Rate of Pay | Diff between HR and MW rates | Total Min.Wage Owed to Plaintiff |
|---|---|---|---|---|---|---|
| 10/28/13 – 12/31/13 | 5 | 40 | $7.25 | $6.25 | $1.00 | $   200.00 |
| | 4 | 52 | $7.25 | $5.77 | $1.48 | $   236.80 |
| | | | | | | |
| 1/1/14 – 4/14/14 | 8 | 40 | $8.00 | $6.25 | $1.75 | $   560.00 |
| | 7 | 52 | $8.00 | $5.77 | $2.23 | $   624.40 |
| | | | | | | |
| 10/7/14 – 12/31/14 | 6 | 40 | $8.00 | $6.25 | $1.75 | $   420.00 |
| | 6 | 52 | $8.00 | $5.77 | $2.23 | $   535.00 |
| | | | | | | |
| 1/1/15 – 12/31/15 | 26 | 40 | $8.75 | $6.88 | $1.87 | $1,944.80 |
| | 26 | 52 | $8.75 | $6.35 | $2.40 | $2,496.00 |
| | | | | | | |
| 1/1/16 – 8/12/16 | 17 | 40 | $9.00 | $6.88 | $2.12 | $1,441.60 |
| | 16 | 52 | $9.00 | $6.25 | $2.65 | $ 1,696.00 |
| | | | | | | |
| Total minimum wages owed to Plaintiff: See DE [15-5] | | | | | | $10,154.80 |

2.  As to Overtime Wages Compensation Award Under NYLL and FLSA

Unpaid overtime wages are calculated by multiplying the New York minimum wage or the FLSA minimum wage rate, whichever is higher, by .5 to determine the additional amount owed per hour over 40 hours worked. The amount is then multiplied by the number of hours of overtime worked per week to yield a sum of overtime pay owed per week. The amounts for each week are then aggregated to determine the total amount of overtime damages owed.  29 CFR §778.5.

The Court notes that Plaintiff has requested $9,082.80 in overtime compensation, and has further attached his calculations used to arrive at that number. See DE 15-5, page 6. Plaintiff essentially multiplied the number of overtime hours by the overtime amount he should have received. See DE 15-5. This calculation is incorrect because, as stated above, Plaintiff's overtime claim is limited to the number of overtime hours multiplied by .5 of the hourly rate. As shown below, this Court has recalculated the overtime damages owed to Plaintiff, and respectfully recommends that Plaintiff be awarded overtime damages in the amount of $3,028.81.

| Time Period | Number of Weeks Worked over 40 hours | Total Hours of OT Each Week | NY Min. Wage | OT Rate | Diff (.5 of the hourly rate) | Total OT Owed to Plaintiff |
|---|---|---|---|---|---|---|
| 10/28/13 – 12/31/13 | 4 | 12 | $7.25 | $10.88 | $3.63 | $   174.25 |
| 1/1/14-4/14/14 | 7 | 12 | $8.00 | $12.00 | $4.00 | $   336.00 |
| 10/7/14-12/31/14 | 6 | 12 | $8.00 | $12.00 | $4.00 | $   288.00 |
| 1/1/15-12/31/15 | 26 | 12 | $8.75 | $13.13 | $4.38 | $1,366.56 |
| 1/1/16-8/12/16 | 16 | 12 | $9.00 | $13.50 | $4.50 | $   864.00 |
| Total amount due to Plaintiff for overtime hours worked: See DE [15-5] | | | | | | $3,028.81 |

B.      As to Damages Related to Wage Notice Violations

The New York State Wage Theft Prevention Act (the "WTPA") allows employees to recover damages if a wage notice was not provided at the time of hiring. Prior to February 27, 2015, the WTPA entitled employees to recover statutory damages for wage notice violations of $50.00 per work week, not to exceed $2,500. See 2010 N.Y. Laws ch. 564 § 7, amending N.Y. Lab. Law § 198(1-b). After February 27, 2015, employees are entitled to damages of $50.00 per work day, up to $5,000. Id. See Gonzalez v. ERBA, Inc., 2017 WL 4118389, at *7 (E.D.N.Y. 2017), adopted by, 2017 WL 4122615 (E.D.N.Y. 2017).

During his tenure with Defendants, Plaintiff was never provided with wage notices. DE 1 ¶ 37; 15-5 ¶ 15. Accordingly, as set forth below, the Court recommends that the Plaintiff be awarded $7,200.00 for wage notice violations.

| Time Period | Number of Weeks | NYLL 195(1) Wage Notice Received | Weekly Statutory Penalty | Total Statutory Penalty |
|---|---|---|---|---|
| 10/28/13 – 12/31/13 | 9 | None | $50.00 | $450.00 |
| 1/1/14-4/14/14 | 15 | None | $50.00 | $750.00 |
| 10/7/14-12/31/14 | 12 | None | $50.00 | $600.00 |
| 1/1/15-2/26/15 | 8 | None | $50.00 | $400.00 |
| Statutory Max. prior to Feb. 27, 2015($50.00*50 weeks) | | | | $2,200.00 |
| Time Period | Number of Work Days | NYLL 195(1) Wage Notice Received | Daily Statutory Penalty | Total Statutory Penalty  $50.00 * work days with no notice |
| 2/27/15-12/31/15 | 242 | None | $50.00 | $ 12,100.00 |
| 1/1/16-8/12/16 | 181 | None | $50.00 | $ 9,050.00 |
| Statutory Max. on and after Feb. 27, 2015($50.00*100 days) | | | | $ 5,000.00 |
| Total Amount in Wage Notice Violations: See DE [15-5] | | | | $ 7,200.00 |

C.     As to Damages Related to Wage Statement Violations

Section 195(3) of the NYLL, as amended by the Wage Theft Prevention Act ("WTPA"), "obligates an employer to furnish each employee with a statement with every payment of wages, listing information about the rate and basis of pay, any allowances and deductions, and the employer's identity and contact details." Rojas v. Splendor Landscape Designs Ltd., 268 F. Supp. 3d 405 (E.D.N.Y. 2017) (internal quotation marks and citation omitted). Plaintiff seeks to recover damages for Defendants' failure to provide accurate wage statements as required by New York's Wage Theft Prevention Act. Prior to February 27, 2015, the WTPA entitled employees to recover statutory damages for violations of the wage statement requirement of $100.00 per work week, not to exceed $2,500.00. Zhi Fam Li v. Leung, 2016 WL 5369489, at *16 (E.D.N.Y. 2016). On and after February 27, 2015, however, the WPTA entitles Plaintiff to $250.00 for each work day that the violation occurred, not to exceed $5,000. N.Y. Lab. Law § 198(1-d). Gonzalez, 2017 WL 4118389, at *7.

During his tenure with Defendants, Plaintiff was never provided with wage statements. DE 1 ¶ 38; 15-5 ¶ 16. Accordingly, as set forth below, the Court recommends that the Plaintiff be awarded $7,500.00 for wage statement violations.

| Year | Period | Number of Weeks | Wage Statements Received | Statutory Penalties ($100.00*weeks) |
|------|--------|-----------------|--------------------------|--------------------------------------|
| 2013 | Oct. 28 – Dec. 31 | 9 | None | $    900.00 |
| 2014 | Jan. 1 – April 14 | 15 | None | $  1,500.00 |
|      | Oct. 7 – Dec. 31 | 12 | None | $  1,200.00 |
| 2015 | Jan. 1– Feb. 26 | 8 | None | $    800.00 |
|      |        |   |      | $  4,400.00 |
| Statutory Maximum prior to February 27, 2015 | | | | $  2,500.00 |
| Year | Period | Number of Days | Wage Statements Received | Statutory Penalties ($250.00*days) |
| 2015 | Feb. 27 – Dec. 31 | 242 | None | $ 60,500.00 |
| 2016 | Jan. 1 – Aug. 12 | 181 | none | $ 45,250.00 |

| | | | | $105,750.00 |
|---|---|---|---|---|
| Statutory Maximum on and after February 27, 2015 | | | | $ 5,000.00 |
| Total NYLL 195(3) Penalties: | | | | $ 7,500.00 |

D.    As to Liquidated Damages

Pursuant to the FLSA, "a district court is 'generally required' to award a plaintiff liquidated damages equal in amount to the unpaid minimum and/or overtime wages." Luna v. Gon Way Constr., Inc., 2017 WL 835321, at *13 (E.D.N.Y. 2017), adopted by, 2017 WL 835174 (E.D.N.Y. 2017) (citing Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 150 (2d Cir. 2008) (quoting 29 U.S.C. § 216(b)); 29 U.S.C. § 216(b) ("Any employer who violates [the unpaid wage or overtime provisions of the FLSA] shall be liable ... in the amount of ... their unpaid minimum wages, or their unpaid overtime compensation ... and in an additional equal amount as liquidated damages.")).

Although liquidated damages are typically awarded in FLSA cases where employers have failed to pay minimum wage or overtime compensation, such determination is within the Court's discretion where "the employer acted in subjective 'good faith' and had objectively 'reasonable grounds' for believing that the acts or omissions giving rise to the failure did not violate the FLSA." Rojas, 268 F. Supp. 3d 405 (quoting Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 142 (2d Cir. 1999), holding modified by Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61 (2d Cir. 2003) (quoting 29 U.S.C. § 260) (internal quotation marks omitted)). Similarly, the NYLL "entitles employees to 'liquidated damages equal to one hundred percent of the total amount of the wages found to be due, unless the employer 'proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'" Chowdhury v. Hamza Express Food Corp., 666 F. App'x 59, 60–61 (2d Cir. 2016) (quoting NYLL § 198(1-a)). The Second Circuit has made clear that a Plaintiff may not recover liquidated damages under both the FLSA and

NYLL. Id. (finding that the NYLL liquidate damages provision is "satisfied by a similar award of liquidated damages under the federal statute").

In the instant case all of Plaintiff's claims occurred within the statutory period allowed by the FLSA. Additionally, Plaintiff has established that Defendants have willfully failed to compensate him $10,154.80 in minimum wages, and $3,028.81 in overtime wages. Accordingly, as set forth below, the Court recommends Plaintiff be awarded liquidated damages in the amount of $13,183.65.

| Minimum Wages Due | Overtime Wages Due | Total Wages Due (compensatory damages) | Liquidated Damages |
|---|---|---|---|
| $10,154.80 | $3,028.81 | $13,183.61 | $13,183.61 |

E.    Post-Judgment Interest

The Court notes that Plaintiff's complaint sets forth a request that the Court award "such pre-judgment and post-judgment interest as may be allowed by law…: Compl. at WHEREFORE Clause, DE 1. However, Plaintiff has not renewed his request for pre-judgment or post-judgment interest in his motion for default damages. As this Court has recommended an award of liquidated damage pursuant to FLSA, pre-judgment interest is not permitted. See Bendo v. Bautista, 2017 WL 4179854, at *5 (E.D.N.Y. 2017), adopted by, 2017 WL 4217118 (E.D.N.Y. 2017). The Court, therefore, deems any request for prejudgment interest as abandoned. See Khurana v. JMP USA, Inc., 2017 WL 1251102, at *17 (E.D.N.Y. 2017) (noting that "it is well settled that prejudgment interest is not awardable under the FLSA") (internal quotation marks and citations omitted).

Post-judgment interest, on the other hand, accrues automatically by operation of law. It is governed by 28 U.S.C. § 1961, which states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). According to the

statute, "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Id. The Court of Appeals has made clear that it is mandatory for a Court to award post-judgment interest. Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008). Therefore, despite Plaintiff's failure to renew his request in his motion for default, this Court recommends the District Court award post-judgment interest. See Morales v. Mw Bronx, Inc., 2016 WL 4084159, at *11 (S.D.N.Y. 2016).

F.      As to Attorney's Fees and Costs

Last, Plaintiff requests leave to move for attorneys' fees and costs "if it is determined by the Court that Plaintiff is entitled to damages." See Compl. at WHEREFORE clause.; Plaintiff's Memorandum at 17, DE 15-1. As the Court has determined that Plaintiff is entitled to damages, this Court respectfully recommends that Plaintiff be granted leave to submit a motion for attorneys' fees and costs under the FLSA and NYLL. See 29 U.S.C. § 216(b) ("The court in such [FLSA] action shall ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Lab. Law § 198(1-a) ("In any [NYLL] action instituted in the courts upon a wage claim by an employee ... in which the employee prevails, the court shall allow such employee to recover ... all reasonable attorney's fees...."); Zhen Ming Chen v. New Fresco Tortillas Taco LLC, 2015 WL 5710320, at *10 (S.D.N.Y. 2015) ("Under the FLSA and NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs.").

CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiff's motion for default judgment be granted as to Plaintiff's FLSA and NYLL claims. Further, the Court

recommends that Plaintiff be awarded a total award of $41,067.22, and that such award be comprised of:

(i)      $13,183.61 in compensatory damages;

(ii)     $13,183.61 in liquidated damages pursuant to the FLSA;

(iii)    $ 7,200.00 in damages for wage notice violations under NYLL 195(1);

(iv)    $ 7,500.00 in damages for wage statement violations under NYLL 195(3).

The Court further recommends that Defendants be held jointly and severally liable for Plaintiff's award, and that the District Court award post judgment interest to Plaintiff.

Finally, the Court recommends that Plaintiff be granted leave to move for attorneys' fees and costs.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to plaintiff and counsel via ECF.  Furthermore, the Court directs Plaintiff's counsel to (1) to serve a copy of this Report and Recommendation by certified mail to Defendants at their last known addresses, and (2) to file proof of service on ECF within two days.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
January 11, 2017

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge